AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

| | |
|---|---|
| United States of America<br>v.<br>VERSHAN COLLINS<br><br>*Defendant(s)* | Case No. 8:26MJ32 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **January 20, 2026** in the county of **Douglas** in the

_____ District of **Nebraska**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Rocky Scott, Deputy U.S. Marshal
*Printed name and title*

☐ Sworn to before me and signed in my presence.

☑ Sworn to before me by telephone or other reliable electronic means.

Date: 1/30/2026

*Judge's signature*

City and state: Omaha, Nebraska

Michael D. Nelson, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

## AFFIDAVIT FOR CRIMINAL COMPLAINT AND ARREST WARRANT

I, **Rocky Scott,** being first duly sworn, hereby depose and state as follows:

1. Affiant, Rocky Scott, being duly sworn, states that he is a Deputy United States Marshal (DUSM), within the United States Department of Justice since December 4, 2022. Affiant is an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510, in that, Affiant is an officer/Deputy of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516. Affiant is currently a certified Deputy United States Marshal in the District of Nebraska and has been for approximately 3 years. Affiant is assigned to the Metro Fugitive Task Force (MFTF). Basic Deputy U.S. Marshal Integrated (BDUSMI) training consisted of 20 weeks of basic training instructed by the Federal Law Enforcement Training Center (FLETC) and U.S. Marshals Service instructors. The affiant Graduated in May of 2023 becoming a Deputy U.S. Marshal as a criminal investigator (1811).

2. Affiant is familiar with the facts and circumstances described herein and makes this affidavit based upon personal knowledge derived from Affiant's participation in this investigation, conclusions he has reached based upon his training and experience, discussions with other law enforcement personnel familiar with this investigation, and upon information he believes to be reliable from the following sources. Unless otherwise noted, wherever in this affidavit Affiant asserts that a statement was made, the information was provided by a special agent, another law enforcement officer, confidential source, or a source of information (who may

have had either direct or hearsay knowledge of the statement) to whom Affiant has spoken or whose reports or statements Affiant has read.

3. The facts in this affidavit come from Affiant's personal observations, training and experience as a law enforcement officer, and upon the investigation and review of pertinent reports and evidence collected to date. This affidavit is intended to show merely that there is sufficient probable cause for the issuance of a criminal complaint and an arrest warrant against VERSHAN COLLINS, date of birth ("DOB") 09/20/1991 ("Collins"), and does not include all facts and information available to Affiant or that exists. Affiant has probable cause to believe that Collins violated federal law on or about January 20, 2026, in that he violated 18 U.S.C. § 922(g)(1), felon in possession of a firearm. This affidavit establishes the probable cause of Collins's commission of this federal offense.

4. On or about January 20, 2026, within the District of Nebraska, the United States Marshals Service arrested COLLINS on an active arrest warrant for Attempted Murder issued out of Council Bluffs, Iowa. COLLINS was positively identified entering a residence in Omaha, Nebraska. During surveillance, members of the Metro Fugitive Task Force (MFTF) observed COLLINS in possession of a firearm in plain view. The firearm, equipped with an extended magazine, was tucked into COLLINS' waistband.

5. While a coordinated arrest plan was being developed, COLLINS exited the residence and walked away for a few blocks. MFTF units moved into position to take COLLINS into custody. Emergency lights and sirens were activated. COLLINS appeared startled, turned to run, and immediately fell in front of a residence.

6. MFTF members issued verbal commands, which COLLINS complied with, and he was safely taken into custody without further incident. When asked if he possessed any

weapons, COLLINS indicated a weapon would be by his ankle. A search incident to arrest revealed a black .45 caliber Hi-Point pistol with an extended magazine concealed inside COLLINS's right pant leg.

7. COLLINS had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. Specifically, on October 29, 2014, in Douglas County, Nebraska, Collins entered a plea of no contest to the charge of Terroristic Threats, a Class IV felony, and was found guilty of the same. As a result of this conviction, Collins was prohibited from possessing firearms or ammunition under federal law.

8. The firearm possessed by Collins was identified as a Hi-Point .45 caliber handgun, bearing serial number 4352647, which was loaded with one round chambered and fitted with a black extended magazine containing six rounds of ammunition. The Hi-Point firearm was manufactured in the State of Ohio. Because Ohio is outside the State of Nebraska, the firearm necessarily traveled in interstate commerce prior to being possessed by Collins in Nebraska.

9. Federal law defines a "firearm" as, (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm. 18 U.S.C. § 921(a)(3). Based upon my training and experience, the Hi-Point pistol appears to be a weapon designed to expel a projectile by the action of an explosive and is not an antique.

10. Based on the foregoing facts, there is probable cause to believe that Collins knowingly possessed a firearm and ammunition after having been convicted of a felony offense, in violation of Title 18, United States Code, Section 922(g)(1).

Respectfully submitted,

*Rocky Scott*
Rocky Scott
Deputy U.S. Marshal
United States Marshals Service

Sworn to before me by telephone or other reliable electronic means:

Date: January 30, 2026

City and State: Omaha, Nebraska

Michael D. Nelson, U.S. Magistrate Judge